# UNITED STATES COURT OF INTERNATIONAL TRADE

SHANGHAI SELECT SAFETY PRODUCTS COMPANY LIMITED, SELECT (NANTONG) SAFETY PRODUCTS COMPANY LIMITED, and SELECT PROTECTIVE TECHNOLOGY (HK) LIMITED,

Plaintiffs,

v.

UNITED STATES, U.S. DEPARTMENT OF HOMELAND SECURITY, and U.S. CUSTOMS AND BORDER PROTECTION,

Defendants.

Before: Lisa W. Wang, Judge

Court No. 26-02592

## ORDER

Upon consideration of the parties' joint motion for a protective order, ECF No. 22, it is hereby **ORDERED** that the attached protective order is approved.

/s/ Lisa W. Wang
Judge

Dated: September 1, 2026
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LISA W. WANG, JUDGE

SHANGHAI SELECT SAFETY PRODUCTS COMPANY LIMITED, SELECT (NANTONG) SAFETY PRODUCTS COMPANY LIMITED, and SELECT PROTECTIVE TECHNOLOGY (HK) LIMITED

*Plaintiffs*,

v.

UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CUSTOMS AND BORDER PROTECTION,

*Defendants*.

Court No.: 26-2592

**STIPULATED PROTECTIVE ORDER**

1. For the purposes of this Protective Order, "Confidential Information" shall mean information that, at the time of its production in discovery in the action, or any point in litigation, is designated confidential by the producing party because of a good faith belief that the information is: (a) proprietary, business, financial, technical, trade secret, or commercially sensitive information; (b) not in the public domain, or if in the public domain, is improperly in the public domain; (c) information that any party or person is prohibited from releasing publicly pursuant to contracts, applicable statutes, or applicable regulations, or directives from the government concerning classified or other similar sensitive information; (d) law enforcement sensitive information or other similar sensitive government information, including information designated as "for official use only"; (e) private information that is otherwise protected from disclosure under

applicable law including, but not limited to, personnel files; and (f) other confidential research, development, or commercial information as set forth in USCIT R. 26(c)(1)(G).

2. Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

3. The designation of Confidential Information should be limited only to those documents or portions of documents that qualify under the appropriate standards or under the definition of "Confidential Information" in paragraph 1 of this Protective Order.

4. If it comes to a producing party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the producing party must promptly notify all parties that it is withdrawing the designation for the applicable information

5. This Protective Order is not intended to address or govern claims of privilege or work product that may otherwise be asserted by any of the parties. This Protective Order does not restrict in any manner a party's use of its own Confidential Information.

6. Parties agree to treat that information contained in the Confidential Information portion of the administrative record and any filings made in this case as confidential to the extent such information is not otherwise available in the public portion of the administrative record, subject to the rights to modify this Protective Order or challenge the designation of materials as confidential set forth in paragraphs 18-20.

7. Parties shall be permitted to have access to and retain for the duration of this litigation (including any remand and appeals therefrom) all materials disclosed under this Protective Order.

8. Except as otherwise provided in this Protective Order, the parties shall not disclose Confidential Information to any person other than personnel actively assisting in this litigation. Such personnel include, but are not limited to, paralegals and support staff employed by Plaintiffs' counsel or the Department of Justice; experts, consultants, investigators, or similar personnel retained or engaged by the parties to assist in this litigation; representatives from the government agencies that involved in this matter; and authorized representatives of Plaintiffs, including Plaintiffs' in-house counsel. With respect to experts, consultants, investigators, or similar personnel retained or engaged by the parties, the parties shall ensure that each such person who is authorized to access Confidential Information executes a Statement of Acknowledgment agreeing to be bound by the terms of this Protective Order and not to disclose Confidential Information to any person except as expressly authorized by this Protective Order. A true and accurate copy of the Statement of Acknowledgment is attached hereto as **Exhibit A**.

9. Except as otherwise provided in this Protective Order, all persons subject to this Protective Order shall neither disclose any of the Confidential Information nor use it for purposes other than the conduct of this litigation. The term "this litigation" when used in this Protective Order shall refer to the matter *Shanghai Select Safety Products Company Limited et al*, *v. United States et al.*, Court No. 26-2592, and any remand proceedings ordered by the Court in this action, as well as any subsequent appeal of this action.

10. In no event shall disclosure of the Confidential Information covered by this Protective Order be made to anyone (including any officer, director, shareholder, or employee of the Plaintiffs or any other interested party) other than counsel named in this Protective Order and other persons subject to this Protective Order pursuant to paragraphs 6 to 8 above.

11. Nothing in this Protective Order shall be interpreted as limiting the right of counsel to disclose to their client information which was originally submitted by that client, whether the information appears in a submission of the client or in a submission of a party other than the client (provided that, in the latter case, all Confidential Information of a party other than the client has been redacted from the document prior to inspection by the client).

12. All persons having access to Confidential Information shall maintain it in a safe and secure manner to ensure compliance with this Protective Order. A party, or a party's counsel, waives the protection of this Protective Order as to the information of the party or that of the party's affiliate (including the information of the plaintiffs' importer), when it files such information without redaction and not under seal. This provision applies to any information disclosed in a public filing made before this Protective Order was issued, including but not limited to the complaint in this action. The Parties agree to follow U.S. Court of International Trade Rule 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

13. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Information consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

14. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations.

15. Counsel shall endeavor to avoid the use of Confidential Information in any oral proceeding before this court, including oral argument. If any counsel find it necessary to refer to Confidential Information in any such oral proceeding, counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent, and shall propose whatever mechanism may be available and appropriate to prevent disclosure of Confidential Information to persons other than those authorized by this Protective Order.

16. Any documents, including briefs and memoranda, containing any of the Confidential Information, which are filed with the Court in this litigation, shall be conspicuously marked as containing "Confidential Information" that is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and counsel for the parties, to the extent they have obtained access to the information involved under Protective Order.

17. Upon final conclusion of this litigation, including such appellate review as may occur, documents designated as confidential and all copies of same (other than exhibits of record) will be destroyed by the receiving party; or alternatively, if requested by the producing party, such documents and copies (other than exhibits of record) will be returned to the producing party at their request, other than copies containing work notes of counsel or other authorized persons, which will be destroyed.

18. Any party may petition the Court, on reasonable notice to all other parties, for a modification of the terms of this Protective Order. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this case.

19. If a dispute arises concerning the designation of any Confidential Information, the parties agree that they shall first take reasonable steps to meet and confer in good faith to resolve any dispute on an informal basis before seeking the Court's intervention.

20. If the parties cannot informally resolve any dispute regarding whether particular information is properly designated as Confidential Information under this Protective Order, a party may apply to or move the Court for an *in camera* determination or Order that Confidential Information is not entitled to such designation status and protection from disclosure. The Designating Party shall be given notice of the application or motion and a reasonable opportunity to respond. Material designated as Confidential Information prior to any such challenge shall be treated as such by the parties until further order of the Court has determined or ordered otherwise. The burden rests on the Designating Party to demonstrate that the designation is proper.

Respectfully submitted,

/s/ *Jennifer H. Blecher*
Jennifer H. Blecher
322 8th Avenue, Suite 1200
New York, New York 10001
(646) 766-1763
jblecher@seidenlaw.com

*Counsel for Plaintiffs*

/s/ *Margaret J. Jantzen*
Margaret J. Jantzen
Senior Trial Counsel
Civil Division, Dept. of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
(202) 353-7994
Margaret.j.jantzen@usdoj.gov

*Counsel for Defendants*

Dated: August 31, 2026

SO ORDERED:____________________________
HON. LISA WANG, JUDGE
Dated:
New York, New York

# EXHIBIT A

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. LISA W. WANG, JUDGE

| | |
|---|---|
| SHANGHAI SELECT SAFETY PRODUCTS COMPANY LIMITED, SELECT (NANTONG) SAFETY PRODUCTS COMPANY LIMITED, and SELECT PROTECTIVE TECHNOLOGY (HK) LIMITED<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA; U.S. DEPARTMENT OF HOMELAND SECURITY; and U.S. CUSTOMS AND BORDER PROTECTION,<br><br>*Defendants*. | Court No.: 26-2592 |

**DECLARATION**

1. My name is_______________________________________________

2. I have read the Protective Order that has been entered in this case, and a copy of it has been given to me. I understand the provisions of the Protective Order, and agree to comply with and to be bound by its provisions. I also consent to the jurisdiction of this Court for purposes of enforcement of the Protective Order.

3. I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of ______________by ___________________________
(Print Name)

Signed___________________________